[No. D009465. Fourth Dist., Div. One. Feb. 15, 1990.]

SHEARN H. PLATT et al., Cross-complainants and Appellants, v. COLDWELL BANKER RESIDENTIAL REAL ESTATE SERVICES, Cross-defendant and Respondent.

**[Opinion certified for partial publication.¹]**

---

¹Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of part II B.

1440

**COUNSEL**

Lewis, D'Amato, Brisbois & Bisgaard, Patricia Mundy, Janice Gay Gibbons and Manuel R. Ramos for Cross-complainants and Appellants.

Lindley, Lazar & Scales, Robert M. McLeod and Ron A. Stormoen for Cross-defendant and Respondent.

## OPINION

**NARES, J.**—Shearn H. Platt, Martha Lessman Katz, Stephen L. Victor, a professional corporation, Rudick & Platt, a professional corporation, and Rudick, Platt & Victor (collectively, Attorneys) appeal from a judgment dismissing their first amended cross-complaint for equitable indemnity against Coldwell Banker Residential Real Estate Services (Coldwell Banker). Attorneys, who have been sued for legal malpractice in the underlying action, contend their cross-complaint should not have been dismissed because (1) equivalent relief is not available by an affirmative defense; and (2) there is no applicable public policy exception to the broad rule permitting one joint tortfeasor to cross-complain against another for equitable indemnity. We agree and reverse.

I

### FACTS AND PROCEDURE

In 1987 William R. Contreras (Contreras), Park Manor Hotel Investors (PMHI), a limited partnership, and six individual investors/limited partners (collectively, Plaintiffs) filed an amended complaint against Attorneys for legal malpractice.[2] Coldwell Banker, the cross-defendant sued by Attorneys for indemnity, is not a plaintiff in the underlying case.

Plaintiffs allege they employed Attorneys to represent them in a real estate investment and to investigate, analyze, and evaluate the investment's soundness. Plaintiffs allege Attorneys simultaneously represented an adverse party to the investment without their consent, negligently advised them the investment was sound, failed to properly document the investment, and negligently failed to supervise and review "all aspects of the investment."

Attorneys filed a general denial and pleaded several affirmative defenses, including comparative negligence.

In July 1988 Attorneys filed a first amended cross-complaint for equitable indemnity against Coldwell Banker, PMHI, and Contreras.[3] As discussed in

---

[2] The six individual plaintiffs are: (1) Marjorie P. Carroll, individually; (2) Marjorie P. Carroll, as successor trustee of the Daniel Lynn Carroll, Jr., and Irma Ruth Vonnegut Carroll, Trust; (3) Helmut Mueller; (4) Freimut Ernst Mueller; (5) William P. Curran, Jr., individually; and (6) William P. Curran, Jr., as trustee of the William P. Curran, Jr., M.D., Inc. Defined Benefit Pension Plan.

[3] *Coldwell Banker answered the initial cross-complaint,* but the other cross-defendants filed a demurrer. The trial court sustained the demurrer with leave to amend. Attorneys then filed the first amended cross-complaint, which is the pleading involved in this appeal.

more detail below, the cross-complaint alleges Plaintiffs' investment loss, if any, was not caused by Attorneys, but if it was, it was also caused by negligent misrepresentations made by Contreras to the other plaintiffs.

More specifically, Attorneys allege Contreras misrepresented the soundness of the investment, his own expertise as an investment advisor, and the scope of Attorneys' services with regard to the investment. According to Attorneys, they did not represent the individual investors and neither investigated nor approved the soundness of the investment, as Contreras had told the other plaintiffs, but instead were solely employed to draft the partnership agreements. Attorneys allege they were never asked to and never did offer an opinion about the investment's soundness. Attorneys allege one investor, Liliana Binner, has filed an action against Contreras alleging he misrepresented such facts. The cross-complaint additionally alleges plaintiffs justifiably relied on Contreras's misrepresentations which he made in his capacity as plaintiffs' "attorney-in-fact," as PMHI's general partner, and as Coldwell Banker's agent. Coldwell Banker's liability rests solely on this alleged agency with Contreras.

In August 1988 Contreras and PMHI, joined by Coldwell Banker, filed a demurrer to Attorneys' first amended cross-complaint.[4] Stating *Jaffe* v. *Huxley Architecture* (1988) 200 Cal.App.3d 1188 [246 Cal.Rptr. 432] was "controlling," the court granted the demurrer without leave to amend and dismissed Attorneys' cross-complaint.[5] The court entered judgment for the cross-defendants in January 1989.

Attorneys petitioned this court for a writ of mandate as to Contreras and PMHI (not as to Coldwell Banker). In February 1989, this court denied the petition stating, "The petition is denied as there is no showing of an abuse of discretion."[6]

In January 1989 Attorneys appealed from the dismissal of their cross-complaint against Coldwell Banker.

---

[4] Hereafter, for the sake of convenience, all references to the "cross-complaint" are to Attorneys' first amended cross-complaint.

[5] During oral argument the trial court stated, "Well, other attorneys and other judges have dealt with this and have all agreed that *Jaffe* is controlling, and this fits *Jaffe*, and I'm joining the list, so that certainly is the issue."

The "judgment/order" dismissing the first amended cross-complaint states in part: "[T]he demurrers of cross-defendants. . . are sustained without leave to amend in light of . . . *Jaffe* v. *Huxley Architecture* . . . which held that a cause of action for indemnity will not lie where resolution of liability will be apportioned according to fault."

[6] In an unpublished portion of this opinion, we determine this denial does not operate as law of the case.

## II

### DISCUSSION

#### A. *Standard of Review*

■ On appeal, in assessing the sufficiency of a pleading against a demurrer, all material facts properly pleaded and those which arise by reasonable implication therefrom are deemed true. The trial court commits reversible error when it sustains a demurrer without leave to amend where the cross-complainant has alleged facts showing entitlement to relief under any possible legal theory. (*Lewis* v. *Purvin* (1989) 208 Cal.App.3d 1208, 1213 [256 Cal.Rptr. 827].)

#### B. *Law of the Case**

. . . . . . . . . . . . . . . . . . . . .

#### C. *The Cross-complaint*

■ Code of Civil Procedure section 428.10, subdivision (b), permits "[a] party against whom a cause of action has been asserted in a complaint" to file a cross-complaint stating "[a]ny cause of action he has against a person alleged to be liable thereon, whether or not such person is already a party. . . ." Accordingly, a defendant may generally file a cross-complaint against any person from whom he seeks equitable indemnity. (*Daon Corp.* v. *Place Homeowners' Assn.* (1989) 207 Cal.App.3d 1449, 1454-1455 [255 Cal.Rptr. 448].)

■ "The purpose of equitable indemnification is to avoid the unfairness, under joint and several liability theory, of holding one defendant liable for the plaintiff's entire loss while allowing another responsible defendant to escape ' "scot free" ' [citation omitted]." (*GEM Developers* v. *Hallcraft Homes of San Diego, Inc.* (1989) 213 Cal.App.3d 419, 426 [261 Cal.Rptr. 626].) A defendant "has a right to bring in other tortfeasors who are allegedly responsible for plaintiff's action through a cross-complaint . . . for equitable indemnification." (*Id.* at p. 428.)

Because indemnification between joint tortfeasors is an equitable rule created to correct potential injustice, the doctrine is not available where it

---

\* See footnote, *ante,* page 1439.

would operate against public policy. (See *Woodward-Gizienski & Associates v. Geotechnical Exploration, Inc.* (1989) 208 Cal.App.3d 64, 67 [255 Cal.Rptr. 800].) For example, in *Munoz v. Davis* (1983) 141 Cal.App.3d 420 [190 Cal.Rptr. 400], the court refused to permit an attorney (sued for malpractice for allowing the statute of limitations to expire) to cross-complain against a driver whose negligence caused the plaintiff's injuries, in part because there was "no equitable basis for shifting malpractice liability from the negligent lawyer to the tortfeasor whose actions caused the client's original injuries." (*Id.* at p. 427.)[7] Similarly, in *Lewis v. Purvin, supra,* 208 Cal.App.3d 1208, this court recognized "an exception to the broad application of indemnity principles" where an attorney sued for malpractice cross-complains for indemnity against a successor attorney who was retained to extricate the client from the problems created by the first attorney. (*Id.* at pp. 1213, 1216.) Of course, although many of the cases denying relief by way of cross-complaint involve attempts to cross-complain against the plaintiff's lawyer, the policy considerations limiting the availability of a cross-complaint for equitable indemnity are not restricted to such claims.

In *Jaffe v. Huxley Architecture, supra,* 200 Cal.App.3d 1188, this court considered whether a developer sued by a homeowners association (association) for construction defects could cross-complain for equitable indemnity against the association's board of directors for their conduct which contributed to the damages arising from the original defects. (*Id.* at p. 1191.) *Jaffe* holds such a cross-complaint fails to state a cause of action because (1) equivalent relief would be available to the developer by way of an affirmative defense; and (2) pitting individual board members against the association in such a cross-complaint would "jeopardize or entangle a special relationship which strong policies dictate be preserved." (*Id.* at p. 1193.)

Citing *Jaffe,* Coldwell Banker contends the court properly dismissed Attorneys' cross-complaint because equivalent relief is available to Attorneys by virtue of their comparative negligence affirmative defense. Coldwell Banker notes its alleged liability solely derives from Contreras's liability, and Attorneys have pleaded comparative negligence as an affirmative defense. Moreover, highlighting allegations in the cross-complaint stating Contreras was also acting as the other plaintiffs' agent,

---

[7]To state a claim for equitable indemnity, a defendant must allege the same harm for which he may be held liable is properly attributable—at least in part—to the cross-defendant. (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1127 [252 Cal.Rptr. 122, 762 P.2d 46].) The court in *Munoz* also held the cross-complaint did not state a cause of action because the lawyer and negligent driver were not jointly and severally liable for the same injury. (*Munoz v. Davis, supra,* 141 Cal.App.3d 420, 427.)

Coldwell Banker contends Contreras's negligence will be imputed to the other plaintiffs. Thus, Coldwell Banker concludes Attorneys will be entitled to an offset against each plaintiff for the percentage of fault attributed to Contreras, and as a result the cross-complaint against Coldwell Banker is unnecessary and unfair. Coldwell Banker contends "[a]ny time resolution of the main action apportions liability according to fault, a cross-complaint for equitable indemnity is improper." As discussed below, we disagree both with Coldwell Banker's interpretation of the law as well as its application to this cross-complaint.

Neither *Jaffe* nor the other cases Coldwell Banker cite support an assertion that, as a matter of law, a cross-complaint for equitable indemnity fails to state a cause of action *whenever* resolution of the main action will apportion liability. Such a rule would be contrary to the Supreme Court's statements in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899]. There, holding a defendant could cross-complain for equitable indemnity against a concurrent tortfeasor, the court also said the totality of 100 percent fault is to be apportioned among the plaintiff, defendant, and nonparty tortfeasors. (*Id.* at p. 589, fn. 2; see also *Seamen's Bank* v. *Superior Court* (1987) 190 Cal.App.3d 1485, 1492-1493 [236 Cal.Rptr. 31] ["It is not necessary a person be a party to the action in order for the court to assess that person's proportion of fault."].) Thus, because the court in *American Motorcycle* not only created the cause of action Attorneys plead here, but in the same opinion stated fault should be apportioned among all legally responsible persons in the main action, *American Motorcycle* implicitly rejects the assertion a cross-complaint is improper whenever liability can be apportioned in the main action.

*Jaffe* is consistent with *American Motorcycle* and does not hold a cross-complaint for equitable indemnity is improper whenever liability will be apportioned in the underlying action. *Jaffe*'s holding is based on the presence of two factors: (1) the availability of equivalent relief in the main action; and (2) a "special relationship" between the cross-defendant and plaintiff which would be jeopardized by the cross-complaint's effect of creating a potential conflict of interest. The introduction in *Jaffe* states, "[E]quitable indemnification . . . is unwise and unnecessary where, as here, a sensitive relationship exists between the association and its board of directors, *and* when, as here, the relationship between the parties alone will, in the resolution of the lawsuit, result in the apportionment to defendant of only that liability for which he is responsible." (*Jaffe* v. *Huxley Architecture, supra*, 200 Cal.App.3d at p. 1190, italics added.) Similarly, *Jaffe*'s conclusion states, "Given the policy considerations before us *and* the unnecessary application of the doctrine . . . we believe it is better to leave in the

hands of the homeowners association the question of personal liability of the board members." (*Id*. at p. 1193, italics added.)

Other cases cited by Coldwell Banker similarly fail to support its broad interpretation of the law. In *Woodward-Gizienski & Associates* v. *Geotechnical Exploration, Inc., supra*, 208 Cal.App.3d 64, condominium developers sought indemnity against soils engineers who allegedly caused the plaintiff to make excessive repairs. This court affirmed a dismissal of a cross-complaint for indemnity, not because equivalent relief was available in the main action (as Coldwell Banker suggests), but instead because as a matter of law the developer was not liable for the harm allegedly caused by the soils engineer. In other words, the cross-complaint failed to state a cause of action for equitable indemnity because the cross-complainant (developers) and the cross-defendant (soils engineer) were not joint tortfeasors. We explained, "Since the developers are not jointly and severally liable for the increased damages they allege homeowners incurred here, there is no basis to apportion the liability with Geotechnical." (*Id*. at p. 68.)

Coldwell Banker's reliance on *Holland* v. *Thacher* (1988) 199 Cal.App.3d 924 [245 Cal.Rptr. 247] is equally unavailing. There, the court held "sound reasons of public policy" prohibit predecessor attorneys sued for malpractice from cross-complaining for equitable indemnity against a successor attorney hired to extricate the client from the condition created by the first attorney. (*Id*. at p. 935.) Although the court in *Holland* acknowledges equivalent relief would be available with an affirmative defense of comparative fault, most of the opinion discusses and analyzes the policy considerations supporting the holding.

Similarly, in *Rowell* v. *TransPacific Life Ins. Co.* (1979) 94 Cal.App.3d 818 [156 Cal.Rptr. 679], the court held a defendant could not cross-complain for equitable indemnity against the plaintiff's attorney stating "reasons of policy preclude a lawyer's liability by way of cross-complaint for indemnity for damage to his own client in the course of action against the cross-complaining adversary." (*Id*. at p. 821.) Although the court in *Rowell* acknowledges equivalent relief would be available with an affirmative defense much like *Holland* the court bases its holding on policy and the effect such a cross-complaint would have on the attorney-client relationship.

In light of these authorities, we reject Coldwell Banker's invitation to affirm solely because liability will be adequately apportioned in the underlying malpractice action. Even where liability may be apportioned under a comparative fault affirmative defense, as a practical matter in attempting to settle litigation there is a vast difference to a defendant between the prospect

of offsetting liability against a plaintiff and the prospect of new money from a cross-defendant who would not otherwise be a party. Moreover, at trial where a defendant asks a jury to apportion fault, a significant difference exists between having a joint tortfeasor present as a nonparty witness, and having him present as a cross-defendant. "[P]laintiffs 'no longer have the unilateral right to determine which defendant or defendants should be included in an action' under the comparative equitable indemnity doctrine." (*GEM Developers* v. *Hallcraft Homes of San Diego, Inc., supra*, 213 Cal.App.3d at p. 428, citation omitted.) Perhaps for these reasons, Coldwell Banker has been unable to cite a single case, and our own research has found none, where the defendant's "*right* to bring in other tortfeasors . . . through a cross-complaint" (*ibid.*, italics added) has been denied *solely* because "equivalent" relief would be theoretically available by way of a comparative fault affirmative defense. Accordingly, even if we assume for the sake of discussion Attorneys may offset their alleged liability to all Plaintiffs based upon the percentage of Contreras's negligence,[8] we must still consider whether policy considerations preclude this cross-complaint.

■ Equitable indemnity is premised on fairness and a cross-complaint for equitable indemnity does not state a cause of action where it would operate unfairly. (*Woodward-Gizienski & Associates* v. *Geotechnical Exploration, Inc., supra*, 208 Cal.App.3d at p. 67; *Munoz* v. *Davis, supra*, 141 Cal.App.3d at p. 428.) ■ Invoking this truism, Coldwell Banker contends the court properly dismissed the cross-complaint because "[t]he cross-complaint . . . will only serve to confuse the issues, divide the plaintiffs and deflect the focus on [Attorneys'] malpractice." We disagree. Coldwell Banker acknowledges evidence of Contreras's misrepresentations is properly placed in issue by Attorneys' comparative negligence affirmative defense. Accordingly, regardless of the presence of the cross-complaint, evidence of Contreras's alleged misdeeds will be placed before the trier of fact. In itself, therefore, the cross-complaint does not act to exacerbate any issue confusion or any division among the plaintiffs. To the extent the evidence tends to confuse the issues or divide the plaintiffs, it will so act regardless of whether its admissibility is premised on an affirmative defense or a claim for equitable indemnity.

Citing *Jaffe,* Coldwell Banker additionally contends the cross-complaint fails to state a cause of action because pitting the general partner

---

[8] We express no opinion on whether the negligence of a general partner may properly be imputed, for comparative fault purposes, to a limited partner who is the victim of the general partner's tort. Moreover, on these pleadings a jury could well find Contreras's misrepresentations were made in the course and scope of his agency with Coldwell Banker, but not within his agency with the other plaintiffs. With such findings, Contreras's negligence would not be imputed to the other plaintiffs and Attorneys would, therefore, have an offset only against Contreras's own claim.

(Contreras) against the limited partner plaintiffs would impermissibly impair a "special relationship." As discussed in more detail below, we disagree because the relationship between Contreras and the other plaintiffs is unlike the "special relationship" found to compel a different result in *Jaffe*.

In *Jaffe*, this court termed the relationship between a homeowners association and its board of directors a "special" or "sensitive" relationship because "[t]he board members of a homeowners association are seldom professional managers, are very often uncompensated and most often are neighbors." (*Jaffe* v. *Huxley Architecture, supra*, 200 Cal.App.3d at p. 1193.) The court was concerned "the specter of personal liability" in a cross-complaint for equitable indemnity would "serve to greatly discourage active and meaningful participation by those most capable of shaping and directing homeowner activities." (*Ibid*.) The court was at least equally concerned with "the potential conflict of interest" which would occur "should third parties be permitted to pit the Association against its directors by way of indemnity cross-complaints." (*Ibid*.)

Rules permitting a joint tortfeasor to cross-complain against another joint tortfeasor for equitable indemnity "promote the public policy considerations underlying multiparty tort litigation: the maximization of recovery to the injured party; settlement of the injured party's claim; and equitable apportionment of liability among concurrent tortfeasors." (*Mullin Lumber Co.* v. *Chandler* (1986) 185 Cal.App.3d 1127, 1131-1132 [230 Cal.Rptr. 122].) Courts have "consistently adopted procedures" promoting these policies and "have rejected procedures which would undermine these policies." (*Ibid*.)

Given the strong policies favoring equitable indemnity cross-complaints, we see no reason to extend *Jaffe* beyond its own facts. Unlike the cross-defendant in *Jaffe*, here there is nothing indicating Contreras or Coldwell Banker are unsophisticated or uncompensated businesspeople whose liability is alleged to arise from their gratis work for their neighbors. Moreover, Attorneys' cross-complaint alleges one limited partner, Binner, has already sued Contreras alleging he made the same misrepresentations which Attorneys allege in their cross-complaint. Accordingly, to the extent such allegations create a conflict of interest between Contreras and PMHI, or between Contreras and the other plaintiffs, the conflict exists regardless of the presence of Attorneys' cross-complaint. Therefore, on its facts *Jaffe* is inapposite and does not compel Attorneys' cross-complaint to be dismissed.

## III

### CONCLUSION

The strong policies favoring settlement and equitable apportionment of liability are effected through a cross-complaint for equitable indemnity among joint tortfeasors. Accordingly, a cross-complaint for equitable indemnity against an alleged joint tortfeasor states a cause of action unless, under the particular facts alleged, the cross-complaint would operate inequitably. In determining whether the cross-complaint would operate unfairly, the fact liability will be apportioned in the underlying action is not enough. Here, because there is no policy impaired by Attorneys' cross-complaint against Coldwell Banker, the trial court incorrectly determined Attorneys' cross-complaint fails to state a cause of action for equitable indemnity against Coldwell Banker.[9] Accordingly, the judgment is reversed.

## IV

### DISPOSITION

Judgment reversed.

Todd, Acting, P. J., and Froehlich, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 31, 1990.

---

[9] Because the issue is not before us, we express no opinion on the correctness of the trial court's ruling as to cross-defendants Contreras and PMHI.