[No. A062161. First Dist., Div. Two. Dec. 6, 1994.]

PAMELA CASTRO, Plaintiff and Appellant, v.
PAUL F. HIGAKI, JR., et al., Defendants and Respondents.

Counsel

Roth & Russo and David L. Roth for Plaintiff and Appellant.

Travis & Pon, Jane G. Pon and Monte S. Travis for Defendants and Respondents.

Opinion

KLINE, P. J.—

INTRODUCTION

Appellant Pamela Castro appeals from judgments of the San Francisco Superior Court dismissing her action against respondents. She contends the trial court erred in sustaining respondent Paul Higaki's[1] demurrer on the ground the action was precluded by res judicata. She claims that the issue determined in the previous action is not the same as the issue presented in the current action and that a statutory amendment now frees her from the previous judgment. We disagree and shall affirm.

FACTS AND PROCEDURAL HISTORY

Appellant filed a personal injury action on August 24, 1987, against Peter Pilaski for injuries sustained by her in a bombing. (Castro v. Pilaski)[2] Pilaski was convicted of masterminding the bombing on December 23, 1987, and sentenced to federal prison. Respondent Higaki served as assistant defense counsel to Pilaski in his criminal trial. On March 30, 1989, respondent firm Morris & Massino (which later became respondent Morris, Taylor, Hays & Higaki) became counsel of record for Pilaski in the personal injury case. The personal injury case resulted in a judgment against Pilaski of $490,083.91 on June 3, 1991.

While the appeal in Castro v. Pilaski was pending, appellant filed a petition pursuant to Civil Code section 1714.10[3] for leave to file a complaint for conspiracy against Pilaski's attorneys, including respondents, alleging they had conspired to transfer Pilaski's assets overseas during the period

---

[1]Respondents are Higaki, his former and current law firms, and the name partners of each firm.

[2]Castro v. Pilaski (Super. Ct. S.F. County, 1987, No. 880455.)

[3]All further statutory references are to the Civil Code unless otherwise specified.

before respondent Morris & Massino became counsel of record in the personal injury case. (Castro I.)[4]

Judge Saldamando heard the petition on June 26, 1991, and denied it on September 24, 1991. This denial was an appealable order. (See p. 356, *post*.) Appellant filed a motion for reconsideration on October 2, 1991, which was denied on December 2, 1991. Appellant then appealed from the order denying the motion for reconsideration on January 24, 1992. Respondent Higaki moved to dismiss the appeal on the grounds that the order denying the motion for reconsideration was a nonappealable order and that appellant had not prosecuted the appeal with diligence. We granted the motion and dismissed the purported appeal on November 25, 1992.

Appellant filed the complaint in the present action on May 1, 1992, while the appeal from Castro I was still pending. It is virtually identical to the proposed complaint in Castro I. Appellant claimed that because section 1714.10 had been amended effective January 1, 1992, to require a petition only when alleging conspiracy between an attorney and client "arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client," she was no longer required to go through the petition process as the alleged conspiracy occurred before respondents entered into the personal injury case as attorneys of record. Respondent Higaki demurred and moved to strike the new complaint. He argued that appellant was attempting to split her cause of action because she was raising the same issue as in *Castro I* which was then on appeal, and that she had failed to state a cause of action. Judge McCabe sustained the demurrer without leave to amend on August 27, 1992, on the ground appellant was attempting to split her cause of action.

Appellant filed a motion to set aside the order sustaining the demurrer under Code of Civil Procedure section 473, claiming that the demurrer had been sustained only because appellant mistakenly believed the Court of Appeal had jurisdiction to consider the appeal in Castro I, including the impact of the amendment of section 1714.10. Respondent Higaki opposed the motion contending the demurrer was sustained because the same primary right was being asserted in both actions, not because of mistake. Appellant contended in her reply that she had never had her primary right adjudicated, and that the only matter adjudicated in Castro I was that she had not demonstrated a reasonable probability of prevailing. Judge McCabe denied the motion and dismissed the case, stating "the final determination of [Castro I] is res judicata as to this action." Judgment was entered in respondent

---

[4]Castro v. Nielson, Merksamer, Hodgson, Parrinello & Mueller (Super. Ct. S.F. County, 1991, No. 918964).

Higaki's favor on April 28, 1993. Judgment was entered as to the other respondents on August 23, 1993, pursuant to a stipulation between all parties. Appellant timely appeals from the judgments.

## DISCUSSION

When reviewing an order sustaining a demurrer without leave to amend, we must assume as true all facts properly pleaded by appellant. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) If the complaint shows entitlement to relief under any possible legal theory, the trial court erred in dismissing the action. (*Platt* v. *Coldwell Banker Residential Real Estate Services* (1990) 217 Cal.App.3d 1439, 1444 [266 Cal.Rptr. 601].)

Appellant contends that the trial court erred when it sustained the demurrer because the judgment in Castro I is not res judicata as to the present action. She claims the only issue determined in Castro I was whether or not she had a reasonable probability of prevailing, and that consequently she has never had the merits of her claim adjudicated.

The Legislature enacted section 1714.10 to eliminate frivolous allegations of conspiracy between attorneys and clients.[5] (*Hung* v. *Wang, supra,* 8 Cal.App.4th 908, 931; see also, *College Hospital Inc.* v. *Superior Court* (1994) 8 Cal.4th 704, 718 [34 Cal.Rptr.2d 898, 882 P.2d 894].) When appellant originally filed her petition in Castro I, section 1714.10 provided in pertinent part "[n]o cause of action against an attorney based upon a civil conspiracy with his or her client shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes a claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action."

An adjudication of a petition under section 1714.10 results in a final, appealable order. (*Hung* v. *Wang, supra,* 8 Cal.App.4th at p. 935.) After appellant's petition was denied, her motion for reconsideration was denied, and her attempted appeal from the denial of the reconsideration was dismissed. Appellant had 60 days from notice of the ruling on the petition in which to file her appeal from the order adjudicating the section

---

[5]The Assembly Subcommittee report on section 1714.10 indicates that defense attorneys were being threatened with charges of conspiracy with their insurance company clients in refusing to settle tort claims, and, consequently, their malpractice insurance premiums were increasing. (*Hung* v. *Wang* (1992) 8 Cal.App.4th 908, 920 [11 Cal.Rptr.2d 113].) The conspiracy claims were also used to raise allegations of conflict of interest, forcing the insurance companies to change attorneys on short notice. (*Ibid.*)

1714.10 petition, and when that time had passed, the judgment resulting from the order became final.[6] (Cal. Rules of Court, rule 2(a) and (d).)

The question thus becomes whether the same primary right was being raised by appellant in Castro I as is raised in this action and whether the final judgment denying the petition was on the merits and hence res judicata to the instant action. ■ Res judicata is a well-established doctrine. "A valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593]; see also *De Weese* v. *Unick* (1980) 102 Cal.App.3d 100, 105 [162 Cal.Rptr. 259]; *Shuffer* v. *Board of Trustees* (1977) 67 Cal.App.3d 208, 216 [136 Cal.Rptr. 527].) The doctrine is also expressed statutorily in Code of Civil Procedure section 1908.[7] Res judicata gives conclusive effect to a previous judgment in subsequent litigation on the same controversy. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 188 at p. 621.) "It seeks to curtail multiple litigation causing vexation and expense to the *parties* and wasted effort and expense in *judicial administration*." (*Ibid.*, italics in original.)

■ In California, the "primary rights" theory determines the scope of a party's cause of action. (*Craig* v. *County of Los Angeles* (1990) 221 Cal.App.3d 1294, 1301 [271 Cal.Rptr. 82].) The primary right is determined by the harm suffered, regardless of the number of legal theories asserted. (*Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891, 894 [151 P.2d 846].) ■ Because the complaint in this action is virtually identical to the proposed complaint in the previous action, it is based on the same primary right, and therefore the same cause of action.

Whether the denial of appellant's petition under section 1714.10 is a judgment on the merits appears to be a novel question. In *Hung* v. *Wang*, *supra*, 8 Cal.App.4th 908, which upheld the constitutionality of the section 1714.10 petition process, the court explained that in ruling on the petition,

[6]Appellant claims that Judge Saldamando did not intend for his denial of her section 1714.10 petition to be final adjudication of the matter as demonstrated by his ruling on her motion for additional discovery at the same time he denied the petition. A 1993 amendment to section 1714.10 states that the order determining the rights of the petitioner is appealable as a final judgment, and added that this was not a change in law but rather declaratory of existing law. Regardless of what the judge intended, the order was a final, appealable order and has resulted in a final judgment because the time to appeal has passed.

[7]Code of Civil Procedure section 1908 provides in pertinent part: ". . . the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding."

the judge must determine "whether the proposed . . . pleading is legally sufficient, and whether it is supported by a sufficient prima facie showing of facts to sustain a favorable decision if the evidence submitted by the petitioner is credited. If either of these requirements is not met, the petition must be denied; if both are satisfied, it must be granted." (8 Cal.App.4th at p. 931.)[8] The court compared the requirement under section 1714.10 to the showing required of a plaintiff responding to a motion for summary judgment under the Federal Rules of Civil Procedure. (Fed. Rules Civ.Proc., rule 56(c), 28 U.S.C.A.) (*Ibid.*) Federal summary judgment is granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. (*Hubicki* v. *ACF Industries, Incorporated* (3d Cir. 1973) 484 F.2d 519, 524.) "[I]t is clear that the granting of a motion for summary judgment is a final determination on the merits." (*Citibank, N.A.* v. *Graphic Scanning Corp.* (S.D.N.Y. 1978) 459 F.Supp. 337, 340; see also *Keys* v. *Sawyer* (S.D.Tex. 1973) 353 F.Supp. 936, 940.) By analogy the denial of a petition under section 1714.10 is also a judgment on the merits.

The *Hung* court also compared the section 1714.10 petition procedure to a showing that petitioner could survive a motion for nonsuit. (*Hung* v. *Wang, supra*, 8 Cal.App.4th at p. 929.) ■ Code of Civil Procedure section 581c, subdivision (c), provides that a judgment of nonsuit is an adjudication on the merits unless the trial judge expressly provides otherwise, but in practice, this is not always the case. "Where the nonsuit is granted on a technical ground not involving the merits, the general test of res judicata applies. . . ; i.e., the judgment of nonsuit is not res judicata." (7 Witkin, Cal. Procedure, *supra*, § 228, at p. 666.) For example, where a nonsuit was granted because of the prematurity of the cross-complaint seeking indemnity for attorney fees which had not yet been paid, it did not bar future claims on the issue once the statutory precondition of payment had been satisfied. (*American Broadcasting Companies, Inc.* v. *Walter Reade-Sterling, Inc.* (1974) 43 Cal.App.3d 401, 407-408 [117 Cal.Rptr. 617].)

---

[8]Recently, the California Supreme Court noted that the *Hung* v. *Wang* court's articulation of the standard for assessing evidence submitted under section 1714.10 and similar statutes was not substantively different from that articulated by the Supreme Court in construing section 425.13, subdivision (a), and other such statutes. "[T]he motion required by such statutes operates like a demurrer or motion for summary judgment in 'reverse.' Rather than requiring the *defendant* to defeat the plaintiff's pleading by showing it is legally or factually meritless, the motion requires the *plaintiff* to demonstrate that he possesses a legally sufficient claim which is 'substantiated,' that is, supported by competent, admissible evidence." (*College Hospital Inc.* v. *Superior Court, supra*, 8 Cal.4th 704, 719.) "Under either formulation, [the motion] must be granted unless, after reviewing the supporting and opposing materials, the court concludes that the allegations made or the evidence adduced in support of the claim, even if credited, are insufficient as a matter of law to support a judgment . . . ." (*Id.*, at p. 720, fn. 6.)

■ Here, the petition was denied not because of a technicality, but because appellant had failed to show that there was any theory of liability under which she could prevail. In his statement of decision Judge Saldamando discussed the three possible theories under which an attorney could be held liable to a nonclient third party, and determined appellant could not succeed under any of them. Clearly, the denial of the petition was determined on the merits.

Because the order denying the section 1714.10 petition in Castro I was based on the same primary right as is asserted in this action and resulted in a final judgment on the merits, it is res judicata as to the current action. Therefore the demurrer was properly sustained.

■ Appellant additionally contends that because section 1714.10 has been amended to require a petition only in cases arising from attempts to contest or compromise a claim or dispute and which are based on the representation of a client, she is now free to file a claim without adhering to the petition procedure. She is wrong. A change in statute or law does not entitle a litigant to escape a prior ruling by filing a new action. (*Miller* v. *Board of Medical Quality Assurance* (1987) 193 Cal.App.3d 1371, 1379 [238 Cal.Rptr. 915].) ■ "In every instance where a rule established by case law is changed by a later case the earlier rule may be said to be 'mistaken' —in one sense of the word. It also may be said to be 'unjust'; otherwise it would not have been changed. Such 'mistakes' or 'injustices' are not a ground for equity's intervention. So to hold would be to emasculate, if not wipe out, the doctrine of res judicata because the doctrine is most frequently applied to block relitigation based upon contentions that a law has been changed. Our courts have repeatedly refused to treat the self-evident hardship occasioned by a change in the law as a reason to revive dead actions." (*Zeppi* v. *State of California* (1962) 203 Cal.App.2d 386, 388-389 [21 Cal.Rptr. 534].) ■ Appellant presented her claim, and it was heard and decided under the law in effect at that time, resulting in a judgment that now carries preclusive effect despite any subsequent amendment to the statute.

Appellant attempts to argue that Judge Saldamando unconstitutionally weighed facts when ruling on her section 1714.10 petition. Appellant's remedy for complaints about the propriety of the decision in Castro I was to appeal that decision and those complaints are not now properly before us. (*Hung* v. *Wang*, *supra*, 8 Cal.App.4th at p. 935.) Regardless of whether Castro I was properly decided, the final judgment bars further litigation on the same issue. "[F]or purposes of res judicata, an erroneous judgment is as conclusive as a correct one." (*Valerio* v. *Boise Cascade Corp.* (1986) 177 Cal.App.3d 1212, 1223 [223 Cal.Rptr. 592]; see also *Slater* v. *Blackwood*, *supra*, 15 Cal.3d 791, 797.)

■ Appellant argues that Judge McCabe improperly relied on a dismissal with prejudice from the register of action of Castro I in ruling on the demurrer in this action. Viewing the transcript of the hearing on the demurrer in its entirety, it does not appear this information was the primary basis for the ruling. However, it makes no difference on what Judge McCabe based her ruling; the only determination of consequence is that she sustained the demurrer. "[I]t is the validity of the court's *action*, and not of the *reason* for its action, which is reviewable." (*Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 225 [36 Cal.Rptr. 537], italics in original.) Because we have determined that the ruling in Castro I is res judicata as to the present action, the demurrer was properly sustained and the grounds Judge McCabe may have relied upon are inconsequential.

Finally, appellant claims that she is being denied her constitutional right to a jury trial. The determination of a section 1714.10 proceeding is a determination of law, not of fact, and as such prevents frivolous allegations of conspiracy "without subjecting the allegations to a fact adjudicative screen that would violate the jury clause." (*Hung* v. *Wang*, *supra*, 8 Cal.App.4th at p. 931.)[9]

The judgment is affirmed.

Smith, J., and Phelan, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 22, 1995.

---

[9]Our affirmation on the grounds of res judicata renders it unnecessary to address respondents' contention that appellant failed to state a cause of action in her complaint.