81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph E. THOMAS, Plaintiff-Appellant,
v.
NUNES, Sheriff, Placer County; Reader, Captain; Hoegger,
Chaplain, Defendants-Appellees.
 No. 95-15887.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided March 29, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph E. Thomas, a former prisoner at the Placer County jail in California, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Thomas alleged that prison officials violated his First Amendment right to free exercise of religion when they denied him access to a sweat lodge. The district court found that Thomas's suit was barred by res judicata, because Thomas had unsuccessfully litigated an identical claim in a prior state habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and dismiss in part.
 
 I. JURISDICTION
 
 3
 Although the district court and the parties failed to address this issue, we must raise jurisdictional issues sua sponte. See MacKay v. Pfeil, 827 F.2d 540, 542 (9th Cir.1987). Federal courts lack jurisdiction to hear moot cases, because the parties lack a legally cognizable interest in the outcome. Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir.1988).
 
 
 4
 Here, Thomas sought both injunctive relief and damages in his section 1983 action. Thomas, however, was released from prison while his lawsuit was pending before the district court. Thus, Thomas's claim for injunctive relief became moot. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995).
 
 
 5
 Accordingly, we dismiss Thomas's appeal of the district court's judgment addressing injunctive relief as moot. See Dilley, 64 F.3d at 1368.
 
 II. MERITS
 A. Claim Preclusion
 
 6
 Thomas contends that the district court erred by finding that the state habeas judgment barred his section 1983 suit. This contention lacks merit.
 
 
 7
 We review de novo a district court's dismissal of an action based upon res judicata. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). Federal courts must " 'give the same preclusive effect to a state-court judgment as another court of that State would give.' " Id. at 364 (quoting Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986)). Accordingly, we apply California law to determine the claim preclusive effect of the state habeas judgment on Thomas's section 1983 action. See id.
 
 
 8
 In California, a "valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." Slater v. Blackwood, 15 Cal.3d 791, 795 (Cal.1975); see also Castro v. Higaki, 31 Cal.App.4th 350, 357 (Cal.Ct.App.1994).
 
 
 9
 Here, Thomas contends that claim preclusion does not bar his suit because (1) his federal action advances a different claim that was not litigated in state court; (2) the Religious Freedom Restoration Act applies retroactively to his federal suit; and (3) the district court abused its discretion by failing to consider his habeas counsel's alleged ineffectiveness. We reject these contentions. First, Thomas advances the identical claim in his section 1983 suit that he presented in his state habeas petition. Second, a change in the law governing a particular cause of action in California will not bar the application of claim preclusion in a subsequent action advancing an identical claim.[1] See Slater, 15 Cal.3d at 796-97; Castro, 31 Cal.App.4th at 359. Third, the alleged ineffective assistance rendered by Thomas's habeas attorney has no bearing on the application of claim preclusion to Thomas's section 1983 action, because Thomas has no constitutional right to counsel during post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 10
 Finally, the state habeas court afforded Thomas a full and fair opportunity to litigate his free exercise claim under federal standards. See Silverton v. Department of Treasury, 644 F.2d 1341, 1346-47 (9th Cir.), cert. denied, 454 U.S. 895 (1981). Accordingly, the district court properly applied claim preclusion to bar Thomas's section 1983 action. See id.; Palomar Mobilehome Park Ass'n, 989 F.2d at 365.
 
 B. Appointment of Counsel
 
 11
 Thomas contends that the district court abused its discretion when the court denied his 28 U.S.C. § 1915(d) motion for appointment of counsel. We review the district court's denial of Thomas's section 1915(d) motion for abuse of discretion, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991), and conclude that this contention lacks merit.
 
 
 12
 Here, Thomas failed to allege facts and raise issues of substantial complexity in his complaint. Thomas demonstrated that he possessed sufficient legal knowledge and writing ability enabling him to articulate his claim. Moreover, the prior state court judgment "made it extremely unlikely that [Thomas] would succeed on the merits [of his federal claim]." Id. Thus, the district court did not abuse its discretion by denying Thomas's motion for appointment of counsel. See id.
 
 C. Ineffective Habeas Counsel
 
 13
 Thomas contends that he was prejudiced by his habeas counsel's alleged ineffective assistance. We reject this contention. Because Thomas had no constitutional right to counsel at his state habeas proceeding, "he could not be deprived of the effective assistance of counsel." Wainwright v. Torna, 455 U.S. 586, 587-88 (1982); see also Finley, 481 U.S. at 555-57; Angelone, 894 F.2d at 1130.
 
 
 14
 The parties shall bear their own costs on appeal.
 
 
 15
 AFFIRMED in part, and DISMISSED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California applies the "primary rights" theory to determine the scope of a party's cause of action. Slater, 15 Cal.3d at 795. Under this theory, the harm suffered, and not the number of legal theories asserted by a plaintiff, define a specific cause of action. See id.; Castro, 31 Cal.App.4th at 357