83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold L. RICHARDSON, Plaintiff-Appellant,
v.
James GOMEZ; K. Post; D. Larson; J. Cardenas; F.
Placeres; C. Collins, Correctional Counselors;
I. John Fraye, Assignment Lieutenant,
Defendants-Appellees.
 No. 95-15461.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, RYMER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold L. Richardson, a former California state prisoner currently on parole, appeals pro se the district court's summary judgment in favor of defendant prison officials in Richardson's 42 U.S.C. § 1983 action for damages. Richardson alleged that, when defendants failed to declare him medically disabled in a timely manner, they unlawfully deprived him of an earlier release date made possible by worktime credits earned under Cal.Code Regs. tit. 15, § 3044(b)(1)(D) (1992). Because Richardson had unsuccessfully litigated an identical claim in a prior state habeas corpus petition, the district court found that Richardson's section 1983 action was barred by res judicata. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Claim Preclusion
 
 3
 Richardson contends that the district court erred by finding that the state habeas judgment barred his section 1983 suit. This contention lacks merit.
 
 
 4
 We review de novo a district court's dismissal of an action based upon res judicata. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993). Federal courts must " 'give the same preclusive effect to a state-court judgment as another court of that State would give.' " Id. at 364 (quoting Parsons Steel, Inc. v. First Ala. Bank, 474 U.S. 518, 523 (1986)). Thus, we apply California law to determine the claim preclusive effect of the state habeas judgment on Richardson's section 1983 action. See id.
 
 
 5
 In California, a "valid final judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." Slater v. Blackwood, 15 Cal.3d 791, 795 (Cal.1975); see also Castro v. Higaki, 31 Cal.App.4th 350, 357 (Cal.Ct.App.1994).[1]
 
 
 6
 Here, Richardson contends that claim preclusion does not bar his section 1983 suit because he (1) presented claims that were not litigated in state court; and (2) sought damages rather than injunctive relief. We reject these contentions. First, Richardson advances the identical claim in his section 1983 suit that he presented in his state habeas petition. Second, the fact that Richardson seeks a different form of relief in his federal action does not negate the preclusive effect of the state habeas judgment. See California Coastal Comm'n v. Superior Court, 210 Cal.App.3d 1488, 1498-99 (Cal.Ct.App.1989); Slater, 15 Cal.3d at 795; see also Silverton v. Department of Treasury, 644 F.2d 1341, 1347 (9th Cir.), cert. denied, 454 U.S. 895 (1981) (stating that a prior state habeas judgment bars a plaintiff's subsequent section 1983 action advancing an identical claim, but seeking a different form of relief). Third, the state habeas court afforded Richardson a full and fair opportunity to litigate his claim under federal standards. See Silverton, 644 F.2d at 1346-47.
 
 
 7
 Accordingly, the district court properly applied res judicata to bar Thomas's section 1983 action. See id.; Palomar Mobilehome Park Ass'n, 989 F.2d at 365.
 
 II. Motion to Amend
 
 8
 Richardson contends that the district court erred when it denied his motion to amend his complaint by naming an additional defendant in his section 1983 action. Richardson, however, forfeited his right to appeal the order denying his motion to amend because he failed to object to the magistrate judge's decision after he received the nondispositive order. See Simpson v. Lear Astronics Corp., No. 94-55556, slip op. 1827, 1833-35 (9th Cir. Feb. 27, 1996).
 
 III. Appointment of Counsel
 
 9
 Richardson contends that the district court abused its discretion when the court denied his 28 U.S.C. § 1915(d) motion for appointment of counsel. We review the district court's denial of Richardson's section 1915(d) motion for abuse of discretion, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991), and conclude that this contention lacks merit.
 
 
 10
 Here, Richardson failed to allege facts and raise issues of substantial complexity in his complaint. Richardson demonstrated that he possessed sufficient legal knowledge and writing ability enabling him to articulate his claim. Moreover, the prior state court judgment "made it extremely unlikely that [Richardson] would succeed on the merits [of his federal claim]." Id. Thus, the district court did not abuse its discretion by denying Richardson's motion for appointment of counsel. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 California applies the "primary rights" theory to determine the scope of a party's cause of action. Under this theory, the harm suffered, and not the number of legal theories advanced for recovery by a plaintiff, define a specific cause of action. See Slater, 15 Cal.3d at 795; Castro, 31 Cal.App.4th at 357