[No. D005373. Fourth Dist., Div. One. Apr. 29, 1988.]

ALLEN JAFFE et al., Plaintiffs and Appellants, v.
HUXLEY ARCHITECTURE et al., Defendants and Respondents.

**COUNSEL**

MacDonald, Halsted & Laybourne, Thomas M. Shoesmith, Cecelia R. Wolfe, Higgs, Fletcher & Mack and Kenneth D. Huston for Plaintiffs and Appellants.

William D. Hughes, Raymond W. Noonan and Hughes & Campbell for Defendants and Respondents.

OPINION

BENKE, J.—We deal in this case with another variation on the application of the doctrine of equitable indemnification. In a construction defects case brought by a condominium homeowners association, may the parties responsible for the construction defects seek equitable indemnification from individual members of the association's board of directors based on the board's acts and omissions which contributed to the damage caused by the original defects? We conclude they may not.

A legal identity exists between the association and its board of directors. The acts and omissions alleged on the part of the individual members of the board were the acts of the association. Thus, a third party tortfeasor, sued by the association, could defend by claiming the association was contributorily negligent or by asserting the doctrine of avoidable consequences. Since equitable indemnification exists to allow a fair distribution of liability, the concept is unwise and unnecessary where, as here, a sensitive relationship exists between the association and its board of directors, and when, as here, the relationship between the parties alone will, in the resolution of the lawsuit, result in the apportionment to defendant of only that liability for which he is responsible.

I

FACTS

Appellant Allen Jaffe built the Lake Murray Terrace Apartments and later sold the complex to appellant Lake Murray Terrace Condos (collectively the Developers) which converted the complex to condominiums. In 1983 the Lake Murray Terrace Homeowners Association (Association) filed suit against the Developers claiming construction defects. The suit was settled for $2 million. In exchange for receiving $2 million from the Developers, the Association dismissed its lawsuit without prejudice to the Developers' right to sue the Association directors and officers for equitable indemnity. In turn, the Developers agreed to restrict their indemnity claim to the insurance limits of the directors' errors and omissions policy. The Developers then filed cross-complaints against various entities, including members and former members of the Association's board of directors (board), seeking indemnification and declaratory relief. The Developers claimed the board had negligently managed the complex and had contributed to the damages suffered by the Association.

The board demurred, claiming the cross-complaints failed to state a cause of action, arguing it owed no duty to the Developers and could only be sued

for a breach of duty owed to the Association by the Association. The demurrer was sustained without leave to amend.

## II

### DISCUSSION

The question presented here is whether developers sued by a homeowners association for construction defects may seek equitable indemnification from the individual members of the association's board of directors for acts and omissions which contributed to the damages arising from the original defects.

The board claims it is not liable to indemnify the Developers since its only duty was to the Association and it can be sued for any breach of that duty only by the Association itself. The Developers respond that the rules of law concerning the limitation on the right of third parties to sue a board for a breach of duty owed by the board to its principal do not apply to indemnification. The Developers argue indemnification is concerned not with duties owed by one tortfeasor to another, but rather with the joint and several liability of tortfeasors—each of whom owes a duty to the party injured. While we conclude the Developers are correct with regard to their interpretation of the law of indemnification, we nonetheless find, that under the circumstances of this case, they may not seek indemnification from the board.

As a general rule, a board is not personally liable to third parties for negligence amounting to a breach of duty which the officer owes to the corporation alone. (*Frances T.* v. *Village Green Owners Assn.* (1986) 42 Cal.3d 490, 505-506 [229 Cal.Rptr. 456, 723 P.2d 573, 59 A.L.R.4th 447].) The Developers do not claim otherwise and assert no duty owed by the board to them. Rather, the Developers argue that based on the doctrine of equitable indemnification enunciated in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 591-598 [146 Cal.Rptr. 182, 578 P.2d 899], they are entitled to indemnification for that part of the Association's damages attributable to the negligence of the board. To evaluate this claim, it is necessary to review the purposes and policies on which the doctrine of equitable indemnification is based.

Quite simply, equitable indemnification is a matter of fairness. " '[I]n the great majority of cases . . . equity and fairness call for an apportionment of loss between the wrongdoers in proportion to their relative culpability, rather than the imposition of the entire loss upon one or the other tortfeasor.' " (*Tech-Bilt, Inc.* v. *Woodward-Clyde & Associates* (1985)

38 Cal.3d 488, 495 [213 Cal.Rptr. 256, 698 P.2d 159].) There seems no logical reason why the application of this doctrine should turn on the relationship of the tortfeasors to each other. What is important is the relationship of the tortfeasors to the plaintiff and the interrelated nature of the harm done. (See *Cahill Bros., Inc.* v. *Clementina Co.* (1962) 208 Cal.App.2d 367, 376 [25 Cal.Rptr. 301].) It would be unfair to require one tortfeasor to bear a loss disproportionate to his relative culpability simply because a tortfeasor who contributed to the loss owed a duty to the plaintiff but not to the defendant.

To so decide, however, is to define the context for the resolution of the issue but not to resolve it. ██ Since indemnification is an equitable doctrine existing only to correct potential injustice, it has no utility where there is no such potential. In the present case, there was no potential for injustice to the Developers and there is no reason to allow them to interfere with the relationship between the Association and its present and past boards.[1]

The acts and omissions of the board which the Developers allege contributed to the harm done the Association relate to the board's management of the complex. In a legal sense such acts and omissions were the conduct of the Association itself.

" 'The Directors are the chosen representatives of the corporation, and constitute, . . . to all purposes of dealing with others, *the corporation.* What they do within the scope of the objects of and purposes of the corporation, the corporation does.' (*Maynard* v. *Fireman's Fund Ins. Co.* (1867) 34 Cal. 48, 57 . . . .)" (*Signal Oil etc. Co.* v. *Ashland Oil etc. Co.* (1958) 49 Cal.2d 764, 779 [322 P.2d 1].)

Since the acts and omissions by the board which the Developers claim exacerbated the original defects were, in legal effect, the acts of the Association itself they could be asserted by the Developers against the Association under either the doctrine of comparative negligence (see *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 828-829 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393]) or the doctrine of avoidable consequences (see *Withrow* v. *Becker* (1935) 6 Cal.App.2d 723, 729-730 [45 P.2d 235]). Thus, fairness to the Developers in this case does not depend on the availability of equitable indemnification. An apportionment of their culpability with regard to the acts and omissions of the board could be accomplished without the use of that doctrine and without suit being filed against the individual board members.

---

[1] The Developers do not allege, nor does the record support an allegation that the Association assigned to the Developers its rights to pursue the directors.

Of equal consideration in our hesitancy to utilize the doctrine of equitable indemnity where it is legally unnecessary is our hesitancy to employ it where to do so will jeopardize or entangle a special relationship which strong policies dictate be preserved. The relationship between the homeowners association here and its board is such a special relationship. The board members of a homeowners association are seldom professional managers, are very often uncompensated and most often are neighbors. Undoubtedly, the specter of personal liability would serve to greatly discourage active and meaningful participation by those most capable of shaping and directing homeowner activities.

Even more fundamental is our observation that the special relationship here is fraught with potential conflict of interest should third parties be permitted to pit the Association against its directors by way of indemnity cross-complaints. Those conflicts of interest are exemplified here by the fact that the Association officers and directors have approved a settlement of the Association-Developers lawsuit. In this capacity they were obligated to act in the best interests of the Association in the face of a proposed settlement which purported to leave open the Developers' rights to sue them for indemnification. Although they were insulated from personal financial exposure by the Developers' agreement to limit damages to their errors and omissions insurance limits, in reaching even the latter agreement, the directors and officers risked permitting their personal potential liability interests to intrude into settlement considerations they were conducting on behalf of their fiduciary, the Association.

Given the policy considerations before us and the unnecessary application of the doctrine of equitable indemnification here, we believe it is better to leave in the hands of the homeowners association the question of personal liability of the board members and whether they are to be sued for negligent performance of their duties.

The judgment is affirmed.

Work, Acting P. J., and Todd, J., concurred.