[No. D006799. Fourth Dist., Div. One. Feb. 27, 1989.]

WOODWARD-GIZIENSKI & ASSOCIATES et al., Plaintiffs and Appellants, v.
GEOTECHNICAL EXPLORATION, INC., et al., Defendants and Respondents.

**COUNSEL**

McInnis, Fitzgerald, Rees, Sharkey & McIntyre, James E. Chodzko, James J. Reynolds, Gilson & Heaton and Virginia R. Gilson for Plaintiffs and Appellants.

Asaro & Keagy, Richard R. Freeland and Arnold Neves, Jr., for Defendants and Respondents.

**OPINION**

**WORK, J.**—This appeal from the judgment of dismissal following demurrer poses the issue of whether developers of a condominium project, sued by

homeowners, can state an equitable indemnity and negligence cause of action against forensic soils engineers who allegedly caused homeowners to make excessive repairs to their subsidence-damaged property. We conclude that since as a matter of law the developers' liability is limited to the reasonable cost of repairing damage caused by their negligence, the developers' complaint does not state a viable cause of action. We affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

The developers' complaint for full or partial equitable indemnity and negligence against the soils engineers hired by the homeowners alleges Costa Viva Homeowners Association (homeowners) sued Coast Savings & Loan Association and Service Development Corporation, developers of the homeowners' condominium project, for damages arising from the settlement of certain balconies, buildings and pools. Coast Savings & Loan Association and Service Development Corporation cross-complained against Woodward-Clyde Consultants and Woodward-Gizienski & Associates for indemnification as the project's soils engineers.[1] The homeowners retained Geotechnical Exploration, Inc. (Geotechnical), a firm of soils engineers, to investigate and make recommendations to cure the defects and repair the damage. Geotechnical's recommendations included removing and replacing one swimming pool and constructing massive concrete and steel piers at 75 locations within the project. Relying on these recommendations, the homeowners implemented the repairs at a cost of about $1 million.

The developers settled with the homeowners for $731,400. In their memorandum of points and authorities opposing the demurrer, the developers explained that in their view even if a trier of fact concluded Geotechnical's repairs were unreasonable, it would not likely penalize innocent, elderly homeowners who had justifiably relied on Geotechnical. Thus, rather than risking a larger judgment, the developers chose to settle, reserving their rights to proceed against Geotechnical.

The developers allege Geotechnical breached its duty of professional care and was negligent in obtaining and relying on inadequate engineering information and failing to consider and recommend less expensive alternative repair measures. They maintain the repairs recommended by Geotechnical and made by the homeowners, without notice to the developers, were not

---

[1] For purposes of brevity, we will refer to Coast Savings & Loan Association, Service Development Corporation, and Woodward-Clyde Consultants and Woodward-Gizienski & Associates collectively as "the developers."

reasonably necessary and were not predicated upon any reasonable engineering basis of fact, and the defects could have been cured for much less than the $1 million paid by the homeowners or the $731,400 paid by the developers in the settlement. In oral argument to the trial court, the developers suggested the repairs could have been made for about $100,000.

## II

### ANALYSIS

■ Equitable indemnification, allowing liability to be apportioned between wrongdoers based on their relative culpability, is premised on fairness. (*Jaffe* v. *Huxley Architecture* (1988) 200 Cal.App.3d 1188, 1191 [246 Cal.Rptr. 432]; *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 607-608 [146 Cal.Rptr. 182, 578 P.2d 899].) The concern of the doctrine is to avoid the obvious unfairness which results when two negligent persons cause a loss, and one is required to bear the entire burden of the loss while the other is allowed to go "scot free." (*Commercial Standard Title Co.* v. *Superior Court* (1979) 92 Cal.App.3d 934, 939 [155 Cal.Rptr. 393].) The doctrine is not automatically available, however, for all tortfeasors who injure the same plaintiff; the courts evaluate the circumstances of the case to determine if its application is appropriate. (*Munoz* v. *Davis* (1983) 141 Cal.App.3d 420, 427 [190 Cal.Rptr. 400]; *Commercial Standard Title Co.* v. *Superior Court, supra,* 92 Cal.App.3d at pp. 941-942.)

Since indemnification between tortfeasors is an equitable tool created to correct potential injustice, we refused to apply it where a developer settled with a homeowners association for its defective workmanship and then sought indemnity from the association's directors for negligently permitting the defects to worsen through lack of proper maintenance. (*Jaffe* v. *Huxley Architecture, supra,* 200 Cal.App.3d at p. 1192.) In *Jaffe,* we held equitable indemnity was not appropriate where the relief sought could have been adjudicated in the association's action because the negligence of its directors is legally attributed to the association whose recovery from the developer would be subject to an offset for comparative negligence. (See also *Holland* v. *Thacher* (1988) 199 Cal.App.3d 924, 929-930 [245 Cal.Rptr. 247].)

In *Munoz* v. *Davis, supra,* 141 Cal.App.3d at pages 426-427, the court distinguished those subsequent tortfeasor cases in which the subsequent tortfeasor's activity is a normal aftermath of the defendant's conduct, from those instances where the later acts are only peripheral. There, the court rejected a lawyer's equitable indemnification action against a negligent driver who injured the lawyer's client. When the lawyer was sued for malprac-

tice for permitting his client's statute of limitations to lapse, he sought indemnification from the negligent driver. After a comprehensive analysis of the equitable indemnity doctrine, the court held the lawyer and negligent driver were not jointly and severally liable to the injured plaintiff, and no right of indemnity existed. The client's loss of a right to sue for personal injuries was found to be totally distinct from those aggravations to the personal injuries themselves due to negligent performance of medical treatment required by the initial accident.

We recognize a prudent homeowner would seek to repair damages caused by a developer's defective soils compaction. Where those repairs are negligently performed by third parties so as to increase the injury to the property necessitating further repairs, the relationship between the two tortfeasors is the same as between the negligent driver and the negligent doctor in *Blecker* v. *Wolbart* (1985) 167 Cal.App.3d 1195, 1201-1203 [213 Cal.Rptr. 781], and the developer would retain the right to equitable indemnification. However, that is not our case.

When we examine the particular type of loss alleged here—i.e., excessive repairs—it becomes apparent the loss cannot legally cause detriment to the developers. That is, under fundamental principles of damages law, the developers are only liable for *reasonable* costs of repair, and they are not liable for *excessive* costs of repair. Since the developers are not jointly and severally liable for the increased damages they allege homeowners incurred here, there is no basis to apportion the liability with Geotechnical.

The complaint does not allege Geotechnical negligently exacerbated the land subsidence or otherwise damaged the property so as to require more repairs. Rather, Geotechnical allegedly negligently misadvised the homeowners, causing them to make more repairs than were necessary. Thus, the facts alleged here are readily distinguishable from the cases where medical personnel cause further physical injury when treating a plaintiff, thereby allowing the defendant, who is liable for the exacerbated injury, to seek indemnity from the medical personnel. (See, e.g., *Niles* v. *City of San Rafael* (1974) 42 Cal.App.3d 230, 237-239 [116 Cal.Rptr. 733]; *Blecker* v. *Wolbart, supra,* 167 Cal.App.3d at pp. 1201-1203.)

Rather than involving exacerbated injury in the sense just described, the situation here involves the reasonableness of the cost of repairs for which the homeowners became obligated. If Geotechnical's negligence caused the homeowners to agree to unneeded repairs, then Geotechnical injured the homeowners by causing them to expend funds beyond what was reasonably

necessary to repair the subsidence. By way of analogy to the medical cases, a comparable situation would exist if a physically injured party allowed a doctor to perform more procedures than were reasonably necessary to treat the injury caused by the original tortfeasor. The issue of the original tortfeasor's liability for this type of "increased damages" caused by a subsequent tortfeasor, is subsumed in the determination of the amount of damages reasonably necessary to compensate the injured party. Unlike the situation where an original tortfeasor is jointly and severally liable for all additional injuries proximately caused by a subsequent tortfeasor, here under fundamental concepts of damages law the original tortfeasor is only liable for the reasonable costs incurred by the injured party to remedy the injury. (See, e.g., *Johnson* v. *Central Aviation Corp.* (1951) 103 Cal.App.2d 102, 106-107 [229 P.2d 114]; *Miller* v. *San Diego Gas & Elec. Co.* (1963) 212 Cal.App.2d 555, 561 [28 Cal.Rptr. 126]; see generally, *Raven's Cove Townhomes, Inc.* v. *Knuppe Developer Co.* (1981) 114 Cal.App.3d 783, 802 [171 Cal.Rptr. 334]; *Basin Oil Co.* v. *Baash-Ross Tool Co.* (1954) 125 Cal.App.2d 578, 607-608 [271 P.2d 122]; *Heninger* v. *Dunn* (1980) 101 Cal.App.3d 858, 865 [162 Cal.Rptr. 104].)

Thus, the developers err when they assert they were "forced" to settle with the homeowners for more than the reasonable cost of repairs. Whatever may have been their concern about a trier of fact being reluctant to penalize innocent homeowners, this concern has no basis in the law. The law provides that a tortfeasor need not pay more than the reasonable cost of repairs.

In sum, if Geotechnical's repairs were excessive, the developers were not liable for the excess. We conclude the developers could assert their claim regarding Geotechnical's negligence in the context of challenging the reasonableness of the cost-of-repair damages, and fairness does not require resorting to the doctrine of equitable indemnity. (See *Jaffe* v. *Huxley Architecture, supra,* 200 Cal.App.3d at p. 1192; *Holland* v. *Thacher, supra,* 199 Cal.App.3d at pp. 929-930.)

We note that declining to apply the doctrine does not leave repairers free to violate standards of reasonable conduct; i.e., they owe a duty to the injured property owner to refrain from negligent conduct. Further, injured property owners have no guarantee they will be fully compensated for what they expend on repairs; thus, they have no motive to encourage excessive repairs. Absent a need for any additional checks on the conduct of repairers and recognizing that a tortfeasor can assert his claim of excessive repairs when challenging the amount of the damages, we see no policy reasons to

extend the doctrine of equitable indemnity to the novel circumstances of this case.

Similarly, we conclude neither may a cause of action be stated against Geotechnical for negligence vis-à-vis the developers.[2] Even if, arguendo, liability for negligence could otherwise be appropriately imposed under the circumstances alleged here (see generally, *Lopez* v. *McDonald's* (1987) 193 Cal.App.3d 495, 508 [238 Cal.Rptr. 436]), the developers have no legal basis to assert the existence of damage and thus cannot state a cause of action. (*Fields* v. *Napa Milling Co.* (1958) 164 Cal.App.2d 442, 447 [330 P.2d 459, 68 A.L.R.2d 1052]; *Anthony* v. *Kelsey-Hayes Co.* (1972) 25 Cal.App.3d 442, 447 [102 Cal.Rptr. 113].) The fundamental premise of damages law that a tortfeasor is only liable for the reasonable cost of repairing damaged property establishes as a matter of law the developers could suffer no legally recognizable damage from any excessive repairs.

DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Froehlich, J., concurred.

---

[2] Appellant conceded as much at oral argument.