[No. D014778. Fourth Dist., Div. One. Sept. 24, 1991.]

DOOSE LANDSCAPE, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
PARK ROW COMMUNITY ASSOCIATION et al., Real Parties in
Interest.

## COUNSEL

Brown & Guetz, Sampson A. Brown, Burton W. Guetz, Walsworth, Franklin & Bevins and Kimberly M. Mays for Petitioners.

No appearance for Respondent.

Silldorf, Burdman, Duignan & Elisenberg, Lawrence D. Duignan, Robie & Matthai, Kyle Kveton, Pamela E. Dunn, Sandler & Rosen and Charles L. Birke for Real Parties in Interest.

## OPINION

**BENKE, Acting P. J.**—Doose Landscape, Inc. (Doose) seeks a writ of mandate after the court granted Park Row Community Association's (Park Row) motion to determine good faith settlement and bar all cross-complaints for indemnity against Park Row. Because we conclude that Code of Civil

Procedure section 877.6[1] does not afford protection from cross-claims against a settling plaintiff, we grant the petition with respect to the court having barred Doose's cross-claims against Park Row.

FACTUAL AND PROCEDURAL BACKGROUND

In this action Park Row sued the developer, Pardee Construction Company (Pardee), for construction defects at the condominium project. Doose had performed landscaping work on the project pursuant to contract with Pardee. Pardee cross-complained for indemnity against multiple subcontractors including Doose. Doose in turn cross-complained, inter alia, against Pardee and Park Row for indemnity. As to Park Row, it is Doose's position that if the landscaping contributed to damage at the condominium project, it was caused by the negligence of Park Row through its mismanagement and failure to maintain the landscaping.

Park Row and Pardee stipulated to a settlement procedure whereby they would settle for an amount to be determined by a referee and a reviewing retired judge. The agreement provided for a minimum award of $1.5 million and a maximum award of $3.5 million. The amount awarded was in excess of $3.5 million. The award resulted in a settlement whereby Pardee was to pay Park Row $3.5 million upon a determination the settlement was in good faith.

Park Row moved for a determination of good faith settlement pursuant to sections 877 and 877.6 and to bar all cross-complaints for indemnity against Park Row pursuant to section 877.6, subdivision (c). The court granted the motion. Doose, joined by Christian & Letner Roofing Company, Inc., another subcontractor, petitioned this court for a peremptory writ directing the court to vacate its order determining the settlement to be in good faith and barring cross-defendants' claims against Park Row for equitable indemnity and equitable comparative contribution.

DISCUSSION

■ In this action we are confronted with the novel situation where a settling plaintiff seeks the protection of a good faith settlement to protect itself from cross-claims by a cross-defendant for equitable indemnity. Under section 877.6, subdivision (a), any party to an action in which it is alleged two or more parties are joint tortfeasors or co-obligors on a contract debt is entitled to a hearing on the issue of the good faith of a settlement entered into between the plaintiff and one or more alleged tortfeasors or co-obligors.

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Section 877.6, subdivision (c), provides that a good faith determination by the court "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." In this settlement Park Row is the plaintiff and Pardee is the settling tortfeasor. The subdivision only acts to bar claims against a *settling tortfeasor.* The court was without jurisdiction under the statutory provision to bar cross-claims for equitable indemnity against the *settling plaintiff.*

Park Row seems to take the position it was entitled to the protection of section 877.6, subdivision (c), because Doose had in its cross-complaint for indemnity, albeit wrongly, made Park Row at least a co-obligor if not a joint tortfeasor with respect to its own damages. Even if we were to assume Doose's pleading somehow transformed Park Row into a joint tortfeasor, it was certainly not a "settling tortfeasor" in the context of the settlement. Clearly it was settling as the plaintiff. The statute provides no bar for cross-claims against the settling plaintiff.

Park Row argues the court acted correctly in dismissing the cross-claim because it was legally insufficient.[2] Whether the claim for equitable indemnity is legally sufficient or not is not properly determined under the limited statutory authority for a determination of good faith settlement and resulting bar of claims. A determination of the legal sufficiency is properly made through noticed motion for summary judgment, judgment on the pleadings, or other appropriate motion.

As to Doose's request this court issue a peremptory writ with respect to the court's determination the settlement was in good faith, the petition is summarily denied.

### DISPOSITION

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (§ 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

---

[2]Park Row relies upon *Jaffe* v. *Huxley Architecture* (1988) 200 Cal.App.3d 1188 [246 Cal.Rptr. 432] and Doose relies upon *Daon Corporation* v. *Place Homeowners Association* (1989) 207 Cal.App.3d 1449 [255 Cal.Rptr. 448] in support of their respective positions as to the legal sufficiency of the cross-claim. We express no opinion on the relative merits of the parties' positions but direct their attention to this court's recent opinion *Platt* v. *Coldwell Banker Residential Real Estate Services* (1990) 217 Cal.App.3d 1439 [266 Cal.Rptr. 601] with respect to the issue.

Let a peremptory writ issue directing the court to vacate its order barring cross-defendants' cross-complaints for total, partial or comparative indemnity and equitable comparative contribution against Park Row and to enter a new order denying Park Row's motion for such bar. The petition is summarily denied in all other respects.

Nares, J., and Froehlich, J., concurred.