[No. B136491. Second Dist., Div. Two. Mar. 27, 2001.]

NEWHALL LAND AND FARMING COMPANY, Cross-complainant and Appellant, v.
McCARTHY CONSTRUCTION, Cross-defendant and Respondent.

## Counsel

Harrington, Foxx, Dubrow & Canter, Dale B. Goldfarb, Angela Lui Walsh and Marianne Fratianne for Cross-complainant and Appellant.

Myer & Fock, Raymond A. Myer and Mark C. Daly for Cross-defendant and Respondent.

## Opinion

**NOTT, Acting P. J.**—The Newhall Land and Farming Company (Newhall) appeals from a judgment entered after the trial court granted summary judgment in favor of McCarthy Construction (McCarthy). We affirm.

### Contentions

Newhall contends that the trial court erred in granting summary judgment because: (1) the complaint alleges defects which implicate the work of McCarthy; (2) McCarthy is not the homeowners association's agent; and (3) because the homeowners association did not specifically allege that Newhall was liable for McCarthy's work, Newhall can still seek indemnity from McCarthy.

### Facts and Procedural Background

On May 21, 1998, Las Ventanas Homeowners Association (HOA) filed a complaint for damages against Newhall and its various divisions and partners for: (1) negligence; (2) strict liability; and (3) breach of express and implied warranties. HOA alleged that Newhall was negligent in constructing 142 condominium units in the City of Valencia (the condominium project). The complaint does not indicate when the condominium project was completed. Upon discovering the defects, HOA gave notice to Newhall of the defective conditions of the condominium project. While Newhall initially investigated HOA's complaints and attempted to make repairs, it subsequently repudiated its responsibility and did not repair damage to the subject property.

On August 18, 1998, Newhall filed a cross-complaint against subcontractors retained by Newhall to construct the condominium project as well as

other contractors, including McCarthy, which was hired by HOA to repair the damage caused by the 1994 Northridge earthquake. After dismissing certain causes of action, the remaining causes of action against McCarthy were for (1) implied indemnity; (2) declaratory relief; and (3) declaratory relief-contribution and allocation.

On August 6, 1999, the trial court filed an order granting summary judgment in favor of McCarthy.

This appeal followed.[1]

### Declaration of Patrick McCarthy in support of motion for summary judgment

Mr. McCarthy declared that he is the general partner of McCarthy, which was hired by HOA on September 28, 1997, to perform earthquake repairs after the January 17, 1994 Northridge earthquake. He declared that McCarthy did not enter into any contracts pertaining to the condominium project nor did it design or perform work relating to the project until after September 28, 1997. McCarthy did not develop, build, contract or perform design work related to the original construction of the project.

### Declaration of David Reed in opposition to motion for summary judgment

Mr. Reed testified that he is a licensed general contractor who attended several inspections of the condominium, where he observed work performed by McCarthy. He declared that some of this repair work was unnecessary and excessive, and caused damage to the units. He observed that roofs were removed to effectuate such repairs, but were not immediately replaced. When rainstorms occurred during the repairs, the units not adequately protected sustained damage, which he believed was McCarthy's responsibility. During the inspections, some homeowners mentioned to Mr. Reed that they had experienced no leaks or other problems with their units until McCarthy began repair work. Another expert retained by Newhall testified to the same opinion.

### DISCUSSION

#### 1. Standard of review

■ Summary judgment is granted if all the submitted papers show that there is no triable issue as to any material fact and that the moving party is

---

[1]HOA is not a party to this appeal.

entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant seeking summary judgment has met the burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action cannot be established or that an affirmative defense to that cause of action exists. (Code Civ. Proc., § 437c, subd. (n); see *Rowe v. Superior Court* (1993) 15 Cal.App.4th 1711, 1724 [19 Cal.Rptr.2d 625].) Once the defendant's burden is met, the burden shifts to the plaintiff to show that a triable issue of fact exists as to that cause of action. (*Ibid.*) The plaintiff must set forth specific facts showing that a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (o).)

█ In reviewing the propriety of a summary judgment, the appellate court independently reviews the record that was before the trial court. (*Chevron U.S.A., Inc. v. Superior Court* (1992) 4 Cal.App.4th 544, 548 [5 Cal.Rptr.2d 674].) We must determine whether the facts as shown by the parties give rise to a triable issue of material fact. (*Walker v. Blue Cross of California* (1992) 4 Cal.App.4th 985, 990 [6 Cal.Rptr.2d 184].) In making this determination, the moving party's affidavits are strictly construed while those of the opposing party are liberally construed. (*Ibid.*)

2. *Whether the trial court erred in granting summary judgment*

█ Equitable indemnification allows liability to be apportioned between wrongdoers based on their relative culpability. (*Woodward-Gizienski & Associates v. Geotechnical Exploration, Inc.* (1989) 208 Cal.App.3d 64, 67 [255 Cal.Rptr. 800] (*Woodward*).) █ Under Code of Civil Procedure section 428.10, subdivision (b), a cross-complaint may be filed "if the cause of action asserted in his cross-complaint (1) arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause brought against him . . . ." That is, a transactionally related cross-complaint is one against others who participated in the same project and whose negligence may have contributed to the damages. (*Sandy v. Superior Court* (1988) 201 Cal.App.3d 1277, 1282 [247 Cal.Rptr. 677].) A joint tortfeasor includes joint, concurrent, and successive tortfeasors whose actions combine to cause the plaintiff's injury. (*GEM Developers v. Hallcraft Homes of San Diego, Inc.* (1989) 213 Cal.App.3d 419, 431 [261 Cal.Rptr. 626].)

█ We conclude that the trial court did not err in granting summary judgment. Here, the undisputed facts show that McCarthy did not participate in the original construction of the condominium project, for which Newhall is being sued. HOA's complaint against Newhall alleges that the damages it incurred "existed at the time of completion of construction and continue to

exist, causing progressive and continuous property damage and loss of use of the Subject Property." The evidence shows that McCarthy was retained to repair damage to the condominiums caused by the 1994 Northridge earthquake, apparently some years after construction of the condominium project. Therefore, McCarthy, unlike the subcontractors from which Newhall now seeks equitable indemnification, was not a participant in the construction or design of the condominium project and cannot be held to be a joint tortfeasor for purposes of damages incurred in the faulty construction of the condominium project.

At most, Newhall's experts declared that the subsequent earthquake repair work performed by McCarthy was unnecessary and excessive. Similar allegations were subject to a demurrer in *Woodward, supra,* 208 Cal.App.3d 64. There, developers of a condominium project were sued by the homeowners for negligence. The developers cross-complained against forensic soils engineers who allegedly caused the homeowners to make *excessive* repairs to the property. The Fourth District held that since, as a matter of law, the developer's liability is limited to the reasonable cost of repairing damage caused by their negligence, and the developer is not liable for the excess, it could not state a cause of action against the engineers. The court recognized that a cause of action for equitable indemnification may exist where repairs are negligently performed by third parties so as to increase the injury to the property, necessitating further repairs. (*Woodward, supra,* 208 Cal.App.3d at p. 68.) The court stated: "Unlike the situation where an original tortfeasor is jointly and severally liable for all additional injuries proximately caused by a subsequent tortfeasor, here under fundamental concepts of damages law the original tortfeasor is only liable for the reasonable costs incurred by the injured party to remedy the injury." (*Id.* at p. 69.)

Further, Newhall has as its remedy the affirmative defense of an offset. While an offset, or equivalent relief, cannot be the sole reason for denial of a right to bring in other tortfeasors through a cross-complaint (*Platt v. Coldwell Banker Residential Real Estate Services* (1990) 217 Cal.App.3d 1439, 1448 [266 Cal.Rptr. 601]), it has been held that where a special relationship exists between the third party and the plaintiff, as well as the affirmative defense of an offset, a cross-complaint for equitable indemnification fails to state a cause of action. (*Jaffe v. Huxley Architecture* (1988) 200 Cal.App.3d 1188, 1193 [246 Cal.Rptr. 432] (*Jaffe*).)

In *Jaffe*, a condominium homeowners association brought a construction defects action against the developers, who sought equitable indemnification from individual members of the association's board of directors based on the

board's acts and omissions which contributed to the damage caused by the original defects. Concluding that such an action was untenable, the court reasoned that since the acts of the board were in effect the acts of the association, the developers could have asserted a claim against the association under the doctrine of comparative negligence or avoidable consequences. (*Jaffe, supra,* 200 Cal.App.3d at p. 1192.) Moreover, the court found that the relationship between the homeowners association and its board is a special relationship which strong policies dictate should be preserved. (*Id.* at p. 1193.) Thus, the court left in the hands of the association the question of the personal liability of the board members and whether they should be sued for negligent performance of their duties. (*Ibid.*)

Here, too, Newhall has at its disposal an equivalent remedy in the form of 41 affirmative defenses, including comparative negligence, waiver, failure to mitigate damages, and negligent maintenance of property. Also, there exists a contractual relationship between HOA and McCarthy, should HOA determine that McCarthy is responsible for negligent repair to the earthquake-inflicted damage.

Nor are we persuaded by Newhall's argument that it should be indemnified for "loss of use" damages resulting from McCarthy's work. We are in agreement with the trial court, which found that any "loss of use" damages caused by McCarthy would be separate from "loss of use" damages caused by Newhall. The court stated: "[W]hat the jury would find to be the loss of use should then exclude things that were caused by the plaintiff themselves."

We conclude that the trial court did not err in granting summary judgment.

### DISPOSITION

The judgment is affirmed.

Cooper, J., and Todd, J., concurred.